J-S61008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM MCKINNON | |
| Appellant | No. 1696 WDA 2015 |

Appeal from the PCRA Order September 29, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006835-2012

BEFORE:  PANELLA, J., LAZARUS, J., and MUSMANNO, J.

JUDGMENT ORDER BY PANELLA, J.:          **FILED SEPTEMBER 22, 2016**

Appellant, William McKinnon, appeals, *pro se*, from the order entered September 29, 2015, in the Court of Common Pleas of Allegheny County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We assume the parties' familiarity with the facts and procedural history of this case. We set forth only the brief procedural history necessary for our disposition.

Following a hearing, the trial court revoked McKinnon's probation and imposed a sentence of one to three years' imprisonment. McKinnon appealed. And a panel of this Court affirmed the judgment of sentence. ***See Commonwealth v. McKinnon***, 660 WDA 2014 (Pa. Super., filed 3/5/15) (unpublished memorandum).

McKinnon filed a timely PCRA petition. The PCRA court appointed counsel who subsequently moved to withdraw. The court provided notice of its intent to dismiss the petition without a hearing and permitted counsel's withdrawal. McKinnon filed a response to the PCRA court's notice, but did not raise PCRA counsel's ineffectiveness. The court dismissed the petition. And this timely appeal followed.

In his first two issues, McKinnon raises claims of *trial court* error—that there was a lack of evidence to support the trial court's revocation of his probation and that the trial court denied him due process of law during the revocation proceeding.

> The PCRA, however, procedurally bars claims of trial court error, by requiring a petitioner to show the allegation of error is not previously litigated or waived. 42 Pa.C.S.A. §§ 9543(a)(3), 9544. At the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not). **Commonwealth v. Spotz**, 18 A.3d 244, 260-61 (Pa. 2011) (rejecting claims of trial court error as either previously litigated where raised on direct appeal or waived where not raised direct appeal).

**Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*).

McKinnon raised these claims on direct appeal. **See McKinnon**, 660 WDA 2014 at 3. Therefore, they are previously litigated and not cognizable under the PCRA. **See Reyes-Rodriguez**; 42 Pa.C.S.A. §§ 9543(a)(3) and 9544(a)(2).

In his final issue, McKinnon claims that his PCRA counsel rendered ineffective assistance of counsel. McKinnon did not raise this issue in the PCRA court. He cannot raise it now for the *first* time in this appeal. **See Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009); Pa.R.A.P. 302(a).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/22/2016